# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: October 23, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| AMANDA GREEN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-748V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion; |
| | * | Reduced Attorneys' Hourly Rates; |
| Respondent. | * | Reasonable Costs. |
| * * * * * * * * * * * * | | |

Daniel J. Leeper, Leeper & Leeper, St. Petersburg, FL, for petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 17, 2015, Amanda Green ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of a meningococcal vaccine received on July 23, 2012, she developed daily persistent headaches and motor tics with residual effects lasting for more than six months. On October 5, 2017, the parties filed a stipulation recommending that compensation be awarded to petitioner, which I approved on the same day. Stipulation Decision (ECF No. 34).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On October 10, 2017, petitioner filed a motion for attorneys' fees and costs.[3] Petitioner's Motion (ECF No. 38). She requests that $5,745.00 in attorneys' fees and $514.24 in attorneys' costs be awarded to a firm she initially consulted, Perenich, Caulfield, Avril & Noyes. Motion at 2-3. She also requests a further $31,490.00 in attorneys' fees and $4,481.76 in attorneys' costs for her counsel of record, Leeper & Leeper. Id. On October 13, 2017, respondent filed a response, in which he indicates that this case meets the statutory requirements for an award of attorneys' fees and costs. Respondent's Response (ECF No. 40) at 2. Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. This matter is now ripe for adjudication.

## I. Applicable Legal Standards

Under the Vaccine Act, the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa-15(3)(1). In this case, petitioner was awarded compensation pursuant to a joint stipulation, therefore, she is entitled to an award of reasonable attorneys' fees and costs.

Under the Vaccine Act, the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa-15(3)(1). The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court determines the number of hours reasonably expended in the case and reasonable hourly rates for the attorney(s) involved. Id. at 1347-58 (citing Blum v. Stenson, 465 U.S. 886, 888 (1984)). The court multiplies those numbers and may adjust the sum upwards or downwards based on other specific findings.

Under the Vaccine Act, an attorney's "reasonable" hourly rate is "the prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347-48 (internal quotations omitted). In determining attorneys' fees, a court should generally use the forum rate, i.e., the rate applicable to the forum in which the court sits – in this instance, the District of Columbia - unless the attorney performed the bulk of his or her work outside of the forum and there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. Id. at 1348-49 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). The Federal Circuit has determined that the forum rate is effectively a ceiling. Rodriguez v. Sec'y of Health & Human Servs., 632 F.3d 1381, 1385-86 (Fed. Cir. 2011).

---

[3] In anticipation of the motion, on October 3, 2017, petitioner filed her signed statement that she has not paid any costs related to the prosecution of this petition. All costs to pursue this matter were paid by Leeper & Leeper and her earlier law firm, Perenich, Avril, Caulfield, and Noyes. General Order #9 Statement (ECF No. 32).

On October 13, 2017, petitioner filed the motion's Exhibit 1, which inadvertently was not attached to the motion. (ECF No. 42). On October 16, 2017, petitioner filed a status report and Exhibits 6 and 7, pursuant to my Order. (ECF Nos. 44, 45).

In 2015, I authored an extensive decision setting "reasonable" hourly rates for in-forum work on Vaccine Program claims. McCulloch v. Sec'y of Health & Human Servs., No. 9-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). My decision in McCulloch has been endorsed by all special masters and it guides all determinations of reasonable hourly rates for all attorneys within the forum. The Office of Special Masters has updated the rates in McCulloch to account for inflation in subsequent years.[4] Under McCulloch and the fee schedules, the special master first determines how many years the attorney had been practicing law, in the year in which he performed certain work. Attorneys with a certain amount of experience may receive rates within a certain range. An attorney's specific rate within that range depends on his or her general legal experience; specific experience practicing in the Vaccine Program; quality of work performed in this and other vaccine cases; and reputation in the legal community and in the larger community.

A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. The special master may reduce a request sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992). A request for costs incurred by either counsel or the petitioner herself should include supporting documentation, such as invoices from experts and itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced sua sponte and based on the special master's experience and discretion.

## II.   Perenich, Caulfield, Avril & Noyes

### A.  Reasonable Attorneys' Fees

Petitioner requests $5,745.00 in attorneys' fees for the firm of Perenich, Caulfield, Avril & Noyes. Motion at 2-3; Exhibit 4. Upon review, the hourly rates necessitate some adjustment. First, petitioner requests that Mr. Bryan D. Caulfield be awarded $500.00 per hour for work performed in 2013 and 2014. Exhibit 4 at 1-2. This rate is unreasonably high. Mr. Caulfield

---

[4] See Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed October 23, 2017).

3

was admitted to the Florida Supreme Court in 1988.[5] Therefore, he had 25 – 26 years of general legal experience at the time he worked on this case. He falls within the McCulloch category of attorneys with between 20 – 30 years of experience, who can reasonably be awarded a range of $350 - $415 an hour for work in the Vaccine Program.

In determining Mr. Caulfield's exact rate, I recognize that his 25 – 26 years of experience place him in the middle of the experience category. He is a partner at his firm and he is a certified trial attorney by the Florida Bar, a distinction held by less than 2% of Florida attorneys. Motion at 3. While he practices in the areas of personal injury and wrongful death law, this appears to be his first case in the Vaccine Program and he is not admitted to practice before the United States Court of Federal Claims. Moreover, he and his colleagues did not do significant work on the case before petitioner decided to be formally represented by another firm. Thus, I find that it is reasonable to award Mr. Caulfield a lower rate of $375 per hour.

Next, petitioner requests that Klodiana Hysenlika be awarded an hourly rate of $175.00 for work performed in the same years. Exhibit 4 at 1-2. This rate also must be lowered. Neither petitioner's motion nor the firm's website[6] indicate when Ms. Hysenlika was admitted to practice law. However, the Florida Bar Association's website shows that she was admitted in 2013.[7] Under McCulloch, it is reasonable to award attorneys like Ms. Hysenlika with less than 4 years' experience a range of $150 - $225. Because she was in her first year of practice and had no prior exposure to the Vaccine Program, I will award an hourly rate of $150.

Petitioner requests an hourly rate of $75 for work performed by the firm's paralegal during the same years. I find that this is reasonable and need not be adjusted.

Based on my experience and review of the documentation submitted, the Caulfield firm's work on the case generally was reasonable. See Exhibit 4 (time entries); Exhibit 6 (notes and email correspondence; Petitioner's Status Report filed on October 17, 2017. They initially met with petitioner and reviewed the facts and medical records. They began work on filing a claim, but then petitioner advised that she had chosen to continue with Mr. Leeper, who had experience in the Vaccine Program. The Caulfield firm then duly forwarded the file to Mr. Leeper. The time entries generally are detailed and reasonable, with one exception.

On July 3, 2013, Ms. Hysenlika logged 8 hours for "research/ filing a claim – review email to/ from TMG." Exhibit 4 at 1. This entry does not explain exactly what she was doing for an entire day. It is an instance of block billing, i.e., billing a large amount of time without sufficiently detailing what tasks were performed. Such entries are disfavored and often deducted

---

[5] Perenich, Caulfield, Avril & Noves – Bryan D. Caulfield, https://www.usalaw.com/team/bryan-d-caulfield/ (last accessed October 19, 2017).

[6] Perenich, Caulfield, Avril & Noyes – Klodiana Hysenlika, https://www.usalaw.com/team/klodiana-hysenlika/ (last accessed October 19, 2017).

[7] Florida Bar Association – Lawyer Search Klodiana Hysenlika, https://www.floridabar.org/directories/find-mbr/?lName=&lNameSdx=N&fName=klodiana&fNameSdx=N&eligible=N&deceased=Y&firm=&locValue=&locType=C&pracAreas=&lawSchool=&services=&langs=&certValue=&pageNumber=1&pageSize=10 (last accessed October 19, 2017).


from attorneys' fee requests in the Vaccine Program. <u>Broekelschen</u>, 2008 WL 5456319 (Fed. Cl. Spec. Mstr. Dec. 17, 2008); <u>see also</u> Office of Special Masters, <u>Guidelines for Practice Under the National Vaccine Injury Compensation Program</u>, § X.3.B.1 ("lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."). Moreover, this entry may represent basic research about the Vaccine Program, which is not compensable. <u>See e.g.</u>, <u>Matthews v. Sec'y of Health & Human Servs.</u>, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016) ("it is inappropriate for counsel to bill time for research about basic aspects of the Vaccine Program); <u>Carter v. Sec'y of Health & Human Servs.</u>, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007) ("an inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar… the attorney may also not bill the Program for this task"). Because it represents block billing and the possibility of non-billable research, I will only compensate 50%, or 4 hours, of the July 3, 2013 time entry.

### B. Reasonable Attorneys' Costs

Petitioner requests that the Caulfield firm be reimbursed for $514.24 in attorneys' costs. Motion at 3; Exhibit 3 at 1-2. I find that many of these costs – for obtaining medical records, copying and scanning, and postage – are reasonable and should be awarded. The remaining $347.06 is for Westlaw research materials. As discussed above, general research about the Vaccine Program is not compensable. The subject of this research cannot be discerned from the cost entries. Moreover, in my opinion, subscribing to a legal database equates to an office overhead costs, which should not be billed to a specific case. <u>Compare to</u> <u>Mostovoy v. Sec'y of Health & Human Servs.</u>, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (denying fees for clerical and other secretarial work) (<u>citing</u> <u>Rochester v. United States</u>, 18 Cl. Ct. 379, 387 (1989) (characterizing these services as "normal overhead office costs included with the attorneys' fee rates"). Like the related billing entry, only 50% of the costs associated with non-specified legal research shall be awarded.

### III. Leeper & Leeper

#### A. Reasonable Attorneys' Fees

Petitioner requests that her counsel of record, Daniel J. Leeper, be awarded $31,490.00 in attorneys' fees. Petitioner's Motion at 2; Exhibit 1. He requests an hourly rate of $300 for work performed from 2013 to 2017. Other special masters have found that this rate is reasonable, based on Mr. Leeper's experience and the other criteria set forth in <u>McCulloch</u>. I find that it is also reasonable and should be awarded in the present case.

Mr. Leeper's time entries are adequately detailed and broken down to specific tasks. I do not find any cases of block billing, vagueness, or other issues that would prevent compensation of any entries. Thus, I will not adjust the fees requested for this firm.

5

### B. Reasonable Attorneys' Costs

Finally, petitioner requests $4,481.76 in costs for the Leeper firm. Petitioner's Motion at 2; Exhibit 1 (itemized list of costs); Exhibit 5 (receipts and documentation of those costs). This includes the costs of obtaining additional medical records; filing the claim in the Vaccine Program and postage. The largest cost category is for paying an expert to review the medical records, meet with counsel, and prepare two reports in support of petitioner's claim. Based on the cost sheet, supporting documentation, and petitioner's status report filed on October 17, 2017, I am satisfied that these costs are reasonable and should be awarded.

### IV. Conclusion

In accordance with the above, I find that petitioner is entitled to the following award of attorneys' fees and costs:

**Perenich, Caulfield, Avril & Noyes**
| | |
|---|---|
| Attorneys' Fees | $ 4,522.50 |
| Attorneys' Costs | $   340.71 |
| **Firm Total** | **$ 4,863.21** |

**Leeper & Leeper**
| | |
|---|---|
| Attorneys' Fees | $31,490.00 |
| Attorneys' Costs | $ 4,481.76 |
| **Firm Total** | **$35,971.76** |

**I hereby award a lump sum in the amount of $4,863.21, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her former counsel, Bryan D. Caulfield of Perenich, Caulfield, Avril & Noyes.**

**I hereby award a lump sum in the amount of $35,971.76, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Daniel J. Leeper of Leeper & Leeper.[8]**

---

[8] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by an attorney against the petitioner, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[9]

**IT IS SO ORDERED.**

<div style="text-align:right">

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

</div>

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.